**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| EDWIN SHEAD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|   v. | )   No. 4:07CV22 CEJ |
| | ) |
| JAMES PURKETT, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Edwin Shead (registration no. 1126292), an inmate at Eastern Reception, Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $22.92. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20

percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $114.58, and an average monthly balance of $47.34. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.92, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution by employees of ERDCC. Named as defendants are James Purkett (Superintendent, ERDCC), Correctional Medical Services (CMS), Kim Randolph (Nurse), Sheila Unknown (Nurse), Pam Unknown (Nurse), and Unknown Nawagan (Doctor). Plaintiff seeks injunctive and monetary relief.

Plaintiff alleges that he injured his feet in January 2006, which resulted in pain and swelling to both feet. Plaintiff also

alleges that, about the same time, he began to experience stomach pain.

Plaintiff claims that he sought medical treatment from Sheila Unknown in January 2006 and that she refused to touch him or treat him. Plaintiff further claims that Sheila Unknown refused to give plaintiff a wheelchair and forced him to walk, which caused him additional discomfort.

Plaintiff states that he saw Dr. Nawagan in February 2006. According to plaintiff, Dr. Nawagan ridiculed plaintiff and did not examine his feet or stomach.

Plaintiff says that he continued to see Sheila Unknown and that she continued to refuse him treatment. Plaintiff alleges that she laughed at him and threatened to step on his feet.

Plaintiff contends that he fainted in July 2006 as a result of intense stomach pain. Plaintiff states that Dr. Nawagan diagnosed him with a hernia and told him it would need to be "pushed in." Plaintiff alleges that, despite the diagnosis, the hernia remained untreated.

Plaintiff claims that on December 5, 2006, he experienced severe lower abdominal pain, nausea and vomiting, and that he again lost consciousness. Plaintiff states that Pam Unknown caused him to remain untreated for several hours before finally treating his hernia.

Plaintiff alleges that the policies and customs of defendant CMS were responsible for his lack of treatment and resulting injuries.

According to plaintiff, he filed several grievances directed at the medical staff. Plaintiff alleges that defendant Randolph told plaintiff that if he withdrew the grievances, that Randolph would make sure that plaintiff received treatment from an outside hospital. Plaintiff claims that he did withdraw the grievances but that he was not seen at an outside hospital.

## Discussion

**A. Defendants CMS, Randolph, Sheila Unknown, Pam Unknown, and Unknown Nawagan**

The Court finds that plaintiff's allegations against CMS, Randolph, Sheila Unknown, Pam Unknown, and Unknown Nawagan survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order these defendants to respond to the complaint.

**B. Defendant Purkett**

Plaintiff is suing Purkett under the theory of respondeat superior. Respondeat superior, however, is not applicable to suits under § 1983. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). As a result, the complaint fails to state a claim against Purkett, and the Court will dismiss plaintiff's claims against Purkett from this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $22.92 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Correctional Medical Services, Kim Randolph, Nurse Sheila Unknown, Nurse Pam Unknown, and Dr. Unknown Nawagan.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Correctional Medical Services, Kim Randolph, Nurse Sheila Unknown, Nurse Pam Unknown, and Dr. Unknown Nawagan shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant James Purkett because, as to defendant Purkett, the complaint is legally

frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.

Dated this 25th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE